DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Ottawa County Court of Common Pleas, Juvenile Division, which awarded temporary custody of a child *Page 2 
to her grandmother. Because we conclude that the evidence supported the trial court's findings, we affirm.
 {¶ 2} Appellant, Stacey V. ("mother"), is the biological mother of Brianna G., born in 1994, and is married to Jerry V., father of Kristen V., Autumn V., and Carley V. On April 2, Ottawa County Department of Jobs and Family Services ("OCDJFS") filed a complaint alleging that Kristen and her two sisters were abused and dependent. That complaint stemmed from alleged abuse by Jerry V. to Kristen.
 {¶ 3} On April 19, 2007, OCDJFS filed a complaint alleging that Brianna was also a dependent child, and OCDJFS was granted emergency custody. The second complaint was related to the incidents involving Kristen, and the effect on Brianna. The facts of that incident are more fully detailed in our discussion in the appeal from that case. SeeIn the Matter of Kristen V., 6th Dist. No. L-OT-07-031, 2008-Ohio-___.
 {¶ 4} After two days of testimony during the adjudication hearing in May 2007, the court entered judgment on June 4, 2007, finding Brianna to be a dependent child. On July 13, 2007, during the disposition hearing, the parties entered into an agreement that Brianna would remain in the temporary custody of the maternal grandmother, while mother worked a case plan with the agency and the child received counseling.
 {¶ 5} Appellant now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 6} "The trial court committed prejudicial error in adjudicating appellant's child dependent where the finding is against the manifest weight of the evidence." *Page 3 
 {¶ 7} A trial court's adjudication of a child must be supported by clear and convincing evidence. R.C. 2151.35(A). Clear and convincing evidence is that which produces "in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368, quotingCross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. Thus, upon review, an appellate court must determine whether the trial court had sufficient evidence before it "to satisfy the requisite degree of proof." State v. Schiebel (1990), 55 Ohio St.3d 71,74; In re Alexander C, 164 Ohio App.3d 540, 2005-Ohio-6134, ¶ 7.
 {¶ 8} R.C. 2151.04(D), in pertinent part, defines a "dependent child" as:
 {¶ 9} "(D) To whom both of the following apply:
 {¶ 10} "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis fro an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.
 {¶ 11} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."
 {¶ 12} In this case, after the three step-sisters were removed because of the allegations of abuse to Kristen, Brianna feared being left alone with her mother and stepfather because of their verbal and physical conduct. Testimony was presented that, after an investigation, the agency removed Brianna because she was in danger from *Page 4 
alleged abusive conditions which had existed within the household. Kristen, a step-sibling in the same household where Brianna lived, was then adjudicated to be an abused child by her father. Since we have determined that the trial court's finding as to Kristen was supported by the record, any determinations contingent upon that finding are also sufficiently supported by the evidence. See In the Matter of KristenV., supra. Therefore, the trial court properly determined Brianna to be a dependent child and continued temporary custody with the maternal grandmother.
 {¶ 13} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 14} The judgment of the Ottawa County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED. *Page 5 
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., Concur. *Page 1